UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:15-CR-85 |
| v. | ) | |
| | ) | JUDGE JORDAN |
| | ) | |
| LESLIE ASHMORE | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the defendant, Leslie Ashmore, and the defendant admits that he has violated the conditions of his supervised release. An agreement has been reached between the parties, recommending that Mr. Ashmore's supervised release should be revoked and that he should receive a sentence of the statutory maximum of twenty-four (24) months followed by no further supervised release.

Mr. Ashmore agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1)     The right to assistance of counsel for his defense.

(2)     The right to see and hear all the witnesses and have them cross-examined in his defense.

(3)     The right on his own part not to testify unless he chose to do so in his defense, and

(4)     The right to the issuance of subpoenas to compel the attendance of witnesses to testfy on his behalf.

Mr. Ashmore stipulates to the following violations that can be proven by the government by a preponderance of the evidence:

1

1. **General Condition:** While on supervised release, the defendant shall not commit another federal, state or local crime.

2. **Standard Condition # 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

On September 28, 2015, Mr. Ashmore was issued a misdemeanor citation and charged by the Kingsport Police Department with Driving on a Revoked License, in violation of T.C.A. 55-50-504, a Class A Misdemeanor, and Leaving the scene of an Accident (Damage to Vehicle), in violation of T.C.A. 55-10-102, a Class A Misdemeanor.

According to the arresting officer's incident report, on September 28, 2015, at 4:28 PM, Kingsport Police Officer Dustin Jackson responded to a motor vehicle collision on Fairway Avenue in Kingsport, Tennessee. Officer Jackson was advised by Victoria Reynolds and Henry Pichard that the male and female occupants of a Buick Regal fled the scene of a single car accident, but not before attempting to enter Mr. Pichard's residence. The female occupant was located by officer Matt Stewart and identified as Stephene B. Hawkins. Ms. Hawkins reported that Mr. Ashmore was the driver of the vehicle involved in the accident stating he lost control when he accelerated too quickly and traveled off the roadway. Ms. Hawkins was subsequently arrested for drug paraphernalia located in her belongings and the vehicle. She also had an outstanding warrant. At approximately 9:20 PM, Kathy Ashmore, the owner of the Buick Regal, brought her husband, Leslie Ashmore to the Kingsport Justice Center. Mr. Ashmore was issued a citation. An arraignment date was scheduled for September 30, 2015, at 9:00 AM in Sullivan County General Sessions Court. Mr. Ashmore did not report to court for his arraignment because he was in custody in Washington County, Tennessee, on separate charges. These charges remain pending.

On September 30, 2015, Mr. Ashmore was arrested and charged by Washington County Sheriff's Department with Unlawful Drug Paraphernalia, in violation of T.C.A. 39-17-424, a Class A Misdemeanor, and Simple Possession/Casual Exchange, in violation of T.C.A. 39-17-418, a Class A Misdemeanor (State Control #0111373). On September 30, 2015, Mr. Ashmore pled guilty in Washington County General Sessions Court to Simple Possession of Schedule II Controlled Substance. He was fined $750.00 and sentenced to serve 11 months 29 days in jail. The jail sentence was suspended and Mr. Ashmore was placed on supervised probation, ordered to undergo an alcohol/drug evaluation and counseling, and prohibited from possessing a handgun permit. The unlawful Drug Paraphernalia charge was dismissed.

According to the Affidavit of Complaint and Patrolman Moore, on September 30, 2015, at 1:28 AM, Washington County Sheriff's Patrolman T. Moore responded to a vehicle traffic stop made by fellow officer, Lt. Eddie Graybeal. Mr. Ashmore was a passenger in a vehicle driven by Tiffany Clifton. Ms. Clifton was taken into custody and charged with

2

Speeding, Driving on a Revoked License, and Possession of Drug Paraphernalia. Upon conducting a pat down search of Mr. Ashmore, a small baggie fell from his pant leg which contained a white substance that field tested positive for cocaine. Patrolman Moore also found a glass pipe with burn marks commonly used to smoke illegal drugs. Mr. Ashmore was charged and taken into custody.

3. **Standard Condition #11:** The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

On September 30, 2015, Mr. Ashmore was arrested by Washington County Sheriff's Department and failed to notify the Probation Office within 72 hours of being arrested or questioned by a law enforcement officer.

4. **Standard Condition #6:** The defendant shall notify the probation officer ten days prior to any change in residence or employment.

On October 6, 2015, this officer attempted to contact Mr. Ashmore by phone and was advised by his family that he left his last known approved residence on October 2, 2015, and has not been seen or heard from since that date. Attempts to locate Mr. Ashmore through family members and his personal cell phone were unsuccessful. Mr. Ashmore failed to notify the probation officer of any change in residence and his current whereabouts remain unknown.

5. **Special Condition No. 1:** The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

On September 29, 2015, Mr. Ashmore was instructed to report to the U.S. Probation Office in Greeneville, Tennessee, for a drug screen. He arrived at the Greeneville Office at 4:55 PM and was taken immediately to the UA Lab for testing. Mr. Ashmore failed to provide a specimen for testing and was advised that failing to do so would result in a STALL and the Court would be notified. He was instructed to return to the same office for testing on September 30, 2015. He failed to report for testing as instructed.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above when grouped constitute Grade C violations for which an advisory guideline range of 8 to 14 months would apply given his Criminal History Category VI. The Court has considered these advisory guideline ranges. The Court has also considered the statutory maximum of twenty four (24) months imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

The Court concludes that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a). Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations alleged in the warrant for offender under supervision.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements. IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is hereby revoked. The defendant is hereby sentenced to the statutory maximum term of imprisonment of twenty four (24) months, to be followed by no further supervised release.

By: _____
Hon. R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____
J. Gregory Bowman
Assistant U.S. Attorney

_____
Leslie Ashmore
Defendant

_____
Jennifer Fletcher by
Jennifer Fletcher
U.S. Probation Officer

J. Gregory Bowman
w/permission

_____
Thomas L. Rasnic
Attorney for the Defendant

4